**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| ANNETTE DEBERRY, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | CASE NO.: 1:14-cv-89 (WLS) |
| : | |
| MICHAEL JAMES HODGE and : | |
| ERMA HODGE, : | |
| : | |
| Defendants. : | |

**ORDER**

Plaintiff Annette DeBerry, proceeding *pro se*, brought suit against Defendants Michael and Erma Hodge for what appears to be a breach of contract action arising out of the purchase of a home. (Doc. 1.) On June 6, 2014, the Court granted DeBerry's Motion to Proceed in Forma Pauperis and directed her to file an amended complaint stating the jurisdictional basis for her claim. (Doc. 4.) In her amended complaint, Mitchell again fails to state the jurisdictional basis for her claim, but includes the addresses of the Defendants. (*See* Doc. 5.)

Federal courts are courts of limited subject matter jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). A federal district court may hear cases only for which there has been a constitutional and a congressional grant of jurisdiction. *Id.* at 1261. Congress has granted federal district courts jurisdiction to hear cases involving a federal question and diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists when an action arises under the Constitution, laws, or treaties of the United States. § 1331. Diversity jurisdiction exists when (a) all of the plaintiffs are citizens of states different from the states where the defendants are citizens and (b) the amount in controversy exceeds $75,000. § 1332. Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to plead "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

DeBerry's complaint fails to adequately allege a jurisdictional basis. Here, Plaintiff and Defendants are domiciled in Georgia. Plaintiff has also failed to allege a federal question.[1] Therefore, Plaintiff has failed to invoke any basis for the Court's subject-matter jurisdiction and her Amended Complaint should be dismissed.

Accordingly, for these reasons, Plaintiff's Amended Complaint (Doc. 5) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g., Davis v. Ryan Oaks Apt.*, 357 F. App'x 237, 238-39 (11th Cir. 2009) (dismissing complaint under § 1915(e)(2) where the complaint failed to invoke the Court's subject-matter jurisdiction); *see also Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.")

**SO ORDERED**, this  19th  day of June 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Plaintiff's Amended Complaint also lists the addresses of Kenneth Hodge, former District Attorney for Dougherty County, Georgia, and Gregory Thomas, who Plaintiff alleges is an Assistant District Attorney. These names were mentioned in the body of Plaintiff's Amended Complaint and not the caption. Additionally, Plaintiff has not made any allegations against these defendants in either her original or amended complaints. Therefore, the Court does not consider them to be parties to Plaintiff's claim. Nevertheless, to the extent Plaintiff intended to bring claims against these defendants, she has neither shown that she is diverse from these defendants or that she has a claim against these defendants that involves a federal question.